## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT of TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **RODOLFO MACIAS CABRERA,** | § | |
| **# 531800** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **Civil Action** |
| | § | **No. SA-10-CA-694-XR (NN)** |
| **TWO SAN ANTONIO POLICE** | § | |
| **OFFICERS,** | § | |
| **ANDRES BERMUDEZ,** | § | |
| | § | |
| **Defendants** | § | |

### SHOW CAUSE ORDER

Before the Court is Plaintiff Rodolfo Macias Cabrera's 42 U.S.C. § 1983 civil rights complaint. Plaintiff alleges on April 29, 2009, Plaintiff was at the Mexican general consulate requesting a file stamp or signature to forward a request for a $50,000 payment to San Antonio Newspaper. Plaintiff further contends Defendant Andres Bermudez was the signer of a contract to pay San Antonio Newspaper Corporation $50,000 for immigration reform promotion. The consulate head, Armando Ortiz Rocha, did not comply. Plaintiff sat on the floor and demanded that the Mexican consulate authorize and forward documentation. Consulate staff called the San Antonio Police Department to have Plaintiff removed. Two San Antonio police officers handcuffed Plaintiff and dragged him outside and down stairs, fracturing his leg and inducing a heart attack. Plaintiff was taken to a hospital. Plaintiff states he is in jail for a misdemeanor charge. He also implies there is an immigration hold placed on him.

Plaintiff contends the actions of the two police officers in dragging him down stairs, which resulted in a fractured leg and a heart attack, constituted an illegal seizure because of the misuse of force. Plaintiff contends Defendant Bermudez breached the contract. Plaintiff also contends Armando Ortiz Rocha called the police and did not try to stop the abuse by the police officers,

thereby contributed to and proximately caused the Fourth Amendment violation and assault.  Plaintiff seeks an injunction to cease Immigration and Customs Enforcement proceedings, release on a signature bond, $100,000 in damages and $10,000 in punitive damages from the two police officers, and $50,000 in damages and $20,000 in punitive damages against Defendant Bermudez.

Title 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) states the court shall dismiss an in forma pauperis complaint if the court determines it is frivolous or malicious, or fails to state a claim on which relief may be granted.  An action is frivolous where there is no arguable legal or factual basis for the claim.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action may be dismissed for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6) where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957).  For the purpose of making these determinations, this Court accepts as true the factual allegations of the complaint.  *U.S. v. Gaubert*, 499 U.S. 315, 326 (1991).

When interpreting a prisoner's IFP complaint, the court should look at the substance of the complaint setting aside statements of "bare legal conclusions, with no suggestion of supporting facts."  *See Wesson v. Oglesby*, 910 F. 2d 278, 281 (5th Cir. 1990).  Conclusory IFP complaints may be dismissed as frivolous.  *See, e.g., Wilson v. Budney*, 976 F. 2d 957, 958 (5th Cir. 1992); *Moody v. Baker*, 857 F. 2d 256, 257 (5th Cir. 1988).

*Plaintiff's claims in his § 1983 Complaint are frivolous or fail to state a claim and therefore are subject to dismissal for the following reasons:*

1.      Whether Plaintiff's case may proceed may depend on whether there have been criminal charges, the nature of any such charges, and the disposition of any such charges. Plaintiff shall state whether he was charged with criminal offenses relating to this incident, and, if so, the offense he was charged with, the case number and place of the proceeding, and the result of that proceeding (i.e.,

whether the charges are still pending; whether Plaintiff was found not guilty or guilty or were the charges dismissed; and what was the punishment, if any).

In *Heck v. Humphrey*, 512 U.S. 477, 86-87 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.   A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a [plaintiff] seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Thus, whether Plaintiff's case may proceed may depend on whether there have been criminal charges, the nature of any such charges, and the disposition of any such charges.

2.      To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and show the alleged deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).  A plaintiff may satisfy the "under color of state law" requirement of § 1983 by proving that the conduct causing the deprivation is "fairly attributable to the State."  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982).  Plaintiff has not alleged facts showing Defendant Bermudez was a state actor subject to suit in a § 1983 action.

3.      Plaintiff does not allege a sufficient amount in controversy for this case to fall under this Court's diversity jurisdiction regarding Defendant Bermudez.  *See* 28 U.S.C. § 1332(a).

4.      A claim of excessive force during the course of an arrest, investigatory stop, or other seizure falls under the Fourth Amendment.  *Graham v. Connor*, 490 U.S. 386 (1989).  A seizure takes place

when law enforcement officers restrain the liberty of a citizen by means of physical force or a show of authority.  *Id*. at 395 n.10.  To prevail on a claim of excessive force, a plaintiff must allege and show "(1) an injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable."  *Ontiveros v. City of Rosenberg*, 564 F.3d 379, 382 (5th Cir.2009).

Plaintiff's claims regarding the two police officers are conclusory.  He fails to allege facts that would show the two police officers violated his constitutional rights.  Plaintiff states he sat down on the floor of the Mexican consulate and consulate staff called police to have Plaintiff removed.  Plaintiff does not allege what happened from when the police officers arrived to his being dragged outside and down stairs.  He does not allege whether he was told to leave, but refused to do so.  He does not allege whether he was arrested for criminal trespass for refusing to leave.  He does not allege whether he was trying to voluntary accompany the officers out of the building; whether he was told to stand up, but refused to do so; and whether he resisted an arrest.  Also, Plaintiff does not describe the manner in which he was dragged by the police officers.

5.     Plaintiff's claims regarding Defendant Bermudez are conclusory.  He does not allege facts that would show a breach of contract claim by Defendant Bermudez.  Plaintiff does not allege he had a contract with Defendant, the nature of the contract, and how it was breached.  Plaintiff refers to a contractual agreement requiring a $50,000 payment to San Antonio Newspaper Corporation, but he does not allege how he is the proper representative for San Antonio Newspaper Corporation and he does not allege how he is entitled to sue on behalf of San Antonio Newspaper Corporation.

6.     Plaintiff does not name Armando Ortiz Rocha as a defendant, but Plaintiff alleges Mr. Rocha's actions caused and contributed to the Fourth Amendment violation and to the assault, because Mr. Rocha did not try to stop the abuse by the police officers.  If Plaintiff is suing Mr.

Rocha, he must make that clear by naming him as a defendant in an amended complaint.  Also, Plaintiff has not alleged facts showing Mr. Rocha is a state actor under § 1983.  Moreover, Plaintiff has not alleged any constitutional duty Mr. Rocha had to intervene in the police officers' actions.

7.      This Court lacks jurisdiction to interfere with Plaintiff's immigration matter through this civil rights case.  *See Humphries v. Various Federal USINS Employees*, 164 F.3d 936, 942-43 (5th Cir.1999).  Moreover, Plaintiff has not shown the two police officers or Defendant Bermudez have authority over Plaintiff's immigration matter.

8.      Absent viable federal claims, Plaintiff's state law claims should be dismissed without prejudice to the refiling of those claims in a state court of competent jurisdiction.  28 U.S.C. § 1367(c)(3); *Welch v. Thompson*, 20 F.3d 636, 644 (5th Cir. 1994).

        Before dismissal Plaintiff is entitled to amend his Complaint to cure these deficiencies if possible.  *See Neitzke v. Williams*, 490 U.S. 319, 329, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

**Therefore, Plaintiff shall show cause within twenty-one (21) days why this Court should not dismiss his claims as frivolous and for failure to state a claim, as explained in this Order, by filing an amended complaint (of no more than ten (10) pages) curing these deficiencies or explaining why his claims should not be dismissed.**  If Plaintiff fails to respond to this Order, this action will be dismissed for failure to prosecute and failure to comply with this Order.  *See* Fed. R. Civ. P. 41(b).

        **SIGNED** on August 30, 2010.


                                        *Nancy Stein Nowak*
                                        NANCY STEIN NOWAK
                                        UNITED STATES MAGISTRATE JUDGE